IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Fredrick M. Pearson, | ) | Civil Action No. 0:18-610-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden David Dunlap; Associate Warden Stonebreaker; Lieutenant BenJerman Davis; Lieutenant B. Gustyn; Sergeant D. Danley; Sergeant Christopher Hunt; and Defendant Eury, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 73) recommending that this action be dismissed with prejudice for lack of prosecution. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

I. **Background**

Fredrick Pearson is an incarcerated person at the Lee Correctional Institution in Bishopville, South Carolina. Pearson brought this action *pro se* seeking relief pursuant to 42 U.S.C. § 1983 and alleging claims for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and a state law claim for assault and battery. (Dkt. No. 1.) Defendants moved to dismiss Plaintiff's third cause of action (Dkt. Nos. 22, 34), and the Magistrate Judge advised Plaintiff of possible dismissal for failure to respond to Defendants' motions, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (Dkt. Nos. 25, 38). Defendants moved for summary judgment (Dkt. No. 57), and the Magistrate Judge again issued Plaintiff a *Roseboro* warning (Dkt. No. 59). When Plaintiff did not respond to Defendant's motions, the Magistrate Judge notified Plaintiff that it appeared he was abandoning his action

and ordered Plaintiff to respond within fourteen days or risk a recommendation of dismissal for lack of prosecution. (Dkt. No. 67.) Plaintiff has not responded to Defendant's motions, nor did he filed objections to the R & R before the Court.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's case should be dismissed for lack of prosecution. As the Magistrate Judge explained, Plaintiff failed to respond to Defendants' dispositive motions notwithstanding the Magistrate Judge's repeat notifications that failure to prosecute his claims would warrant dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed

not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 73) as the Order of the Court. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 27, 2018
Charleston, South Carolina